I concur in the majority's judgment in this case. However, I believe that the constitutionality of the City of Willoughby Hills' unwritten policy requiring the removal of non-contraband alcoholic beverages from a vehicle after an alcoholic-related offense has occurred warrants additional analysis.
The dispute between the parties in this case centers on the search of appellant's automobile after the police decided to issue a citation for a minor misdemeanor open container violation. The state contends the automobile exception is applicable under the facts of this case. The automobile exception to the warrant requirement permits police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence that is subject to seizure and that exigent circumstances necessitate a search or seizure.State v. Mills (1992), 62 Ohio St.3d 357, 367. The police officer may then search every part of the car that could conceal the object of the search. Mentor v. Kinkopf (June 9, 2000), Lake App. No. 99-L-034, unreported, 2000 Ohio App. LEXIS 2529. The scope of the search is defined by the object of the search and the places in which there is probable cause to believe that the contraband may be found. See UnitedStates v. Ross (1982), 456 U.S. 798.
The state argues that any additional beer cans discovered in appellant's car would be additional evidence subject to seizure. The trial court apparently agreed.
On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence.State v. Retherford (1994), 93 Ohio App.3d 586, 592. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met. Id. The application of the law to the trial court's findings of fact is subject to a de novo standard of review. State v. Harris (1994), 98 Ohio App.3d 543, 546.
As the majority correctly holds on page 8, the discovery of additional open containers could serve additional evidentiary purposes, which "factual predicate provided a probable cause basis to search for other violations." Since we must accept this factual predicate, we cannot say that the trial court erred by denying appellant's motion to suppress.
However, the state also asserts that the search was proper because the police followed an "unwritten" departmental policy requiring the removal of any alcoholic beverage from a vehicle after a violation related to alcohol has occurred to prevent future possible misuse of that alcoholic beverage.
While preventing future crimes involving alcohol is laudable, a policy that allows the police to confiscate property lawfully in one's possession solely on the speculative concern that such lawfully held property may be used in an unlawful manner in the future after the police leave the scene is constitutionally troublesome. Mere concern or suspicion about future conduct does not form a legitimate basis for a constitutional search. It is one thing to arrest someone for driving under the influence and then impound his or her vehicle and its contents. It is another thing to confiscate the lawful contents of a vehicle when only a mere citation offense is involved. Allowing such confiscatory conduct in a minor misdemeanor situation would establish a dangerous precedent that could jeopardize the basic rights of innocent citizens.
Therefore, a law enforcement policy requiring confiscation of additional evidence is constitutionally valid. However, if such confiscation is made solely to prevent a future speculative offense, such policy, well intentioned as it may be, cannot form the basis for supporting the reasonableness of a search. In this case, the police had a right to confiscate the beer cans for evidentiary purposes. Since that was a purpose articulated by Officer Kratochvil, the search was for that reason (and that reason only) constitutional.
Subject to the above analysis, I concur in the majority's judgment with respect to appellant's first assignment of error. I fully concur in the majority's analysis and ruling with respect to appellant's second assignment of error.